IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEN BENYAMIN MALOOL,<br><br>    Petitioner,<br><br>v.<br><br>DORA CASTRO, Warden, Otero County Processing Center; MARY DE ANDA-YBARRA, Field Office Director, El Paso Field Office, United States Citizenship and Immigration Services; DOROTHY MICHAUD, Field Office Director, Boston Field Office, United States Citizenship and Immigration Services; TODD LYONS, Acting Director, United States Citizenship and Immigration Services; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA J. BONDI, United States Attorney General, *in their official capacities*,<br><br>    Respondents. | CASE NO.<br><br>**VERIFIED EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS *AD PROSEQUENDUM*, PURSUANT TO 28 U.S.C. §§ 2241(c)(5), 2243, AND 1651(a), FOR TRANSPORTATION OF PETITIONER TO THE PEABODY DISTRICT COURT FOR TRIAL** |

**INTRODUCTION**

    1.    Petitioner Ben Benyamin Malool ("Mr. Malool") respectfully petitions this Court for a writ of habeas corpus *ad prosequendum*, pursuant to 28 U.S.C. § 2241(c)(5), directing the custodian of the Otero County Processing Center (OCPC) in Chaparral, New Mexico to bring

1

him to Massachusetts on or before May 27, 2025, so that he may appear in Peabody (Massachusetts) District Court to stand trial on theft and attempted theft charges.[1]

2. Mr. Malool is an Israeli citizen who, until the time of his arrest by United States Immigration and Customs Enforcement (ICE) on February 12, 2025, lived with his wife and three young children. Mr. Malool split his time between Massachusetts and Florida. He and his wife own and operate a number of skin-care stores in the Greater Boston area, and in November, 2024, he got in a dispute with a woman who was in his store purchasing skin-care products. The purchaser wanted her money back for the products; Mr. Malool immediately credited her account with the funds. Any "victim" has been made whole.

3. Despite this, an overzealous mall police officer filed charges against Mr. Malool for theft and attempted theft. Mr. Malool was arraigned on these charges (one count of Larceny Over $1200, and one count of Attempted Larceny), and he posted bail in the Peabody District Court for the amount of $20,000. Mr. Malool looked forward to challenging these charges in court. However, ICE had other plans. They arrested him and shipped him to the Otero County Processing Center (OCPC) in Chaparral, New Mexico, where he currently remains, pending his final deportation hearing.

4. Mr. Malool's criminal case in the Peabody District Court is scheduled for jury trial on May 27, 2025. However, he will be unable to exercise his right to trial unless he is physically present in the Peabody District Court on that date. Additionally, because the

---

[1] This petition was originally filed in New Mexico because that is where Mr. Malool is located. However, the district court raised *sua sponte* its own jurisdictional issues, *citing Lawrence v. Willingham*, 373 F.2d 731 (10th Cir. 1967) ("if a writ of habeas corpus ad prosequendum is to be used to bring Lawrence to trial in a Texas state court, the writ must issue from that court."). It is unclear if *Lawrence* is still good law. However, because it is clear that this Court has jurisdiction pursuant to *Carbo v. United States*, 364 U.S. 611, 617-18 (1961) (California court has jurisdiction to issue a writ of habeas corpus ad prosequendum directing New York City to produce petitioner for charges pending in California court), the New Mexico petition is being dismissed without prejudice and the case refiled in this Court.

allegations constitute a crime of moral turpitude, the outcome of the criminal case directly affects his pending immigration matter.

5. Because of his status in ICE custody, however, Mr. Malool cannot transport himself to the Peabody District Court on May 27 to stand trial on the state court allegations.

6. Mr. Malool thus faces a legal catch-22, as he is unable to defend himself against the state court charges (because he cannot return to Massachusetts on his own volition while detained by ICE), and simultaneously, he is unable to fully defend himself in his immigration case while the state court charges remain open and pending.

7. Mr. Malool thus moves for a writ of habeas corpus *ad prosequendum*, pursuant to 28 U.S.C. § 2241(c)(5), directing the custodian of the Otero County Processing Center (OCPC) to bring him before the court in the District of Massachusetts on May 27, 2025, so that he may be transported to the Peabody District Court to stand trial on the charges of Larceny Over $1200 and Attempted Larceny.

## CUSTODY

8. Petitioner is in the physical custody of Respondents. Petitioner is detained in Otero County Processing Center (OCPC) in Chaparral, New Mexico. Petitioner is under the direct control of Respondents and their agents. *See* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").

## JURISDICTION

9. This Court has subject matter jurisdiction under 28 U.S.C. § 2241.

10. Venue is proper because Petitioner is presently detained by United States Immigration and Customs Enforcement (ICE), under the immediate physical custody and control of ICE officials, in New Mexico, and Mr. Malool faces trial in state court in the Commonwealth

of Massachusetts. *See Carbo v. United States*, 364 U.S. 611 (1961) (California court has jurisdiction to issue a writ of habeas corpus *ad prosequendum* directing New York City to produce petitioner for charges pending in California court).

## PARTIES

11.     Petitioner Ben Benyamin Malool is a citizen of Israel who is currently detained by Respondents at OCPC. On February 11, 2025, Petitioner was arraigned in the Peabody District Court on one count of Larceny Over $1200, and one count of Attempted Larceny. Petitioner has been detained in ICE Custody since February 12, 2025, the day that he posted bail in the Peabody District Court criminal case.

12.     Respondent Dora Castro is the Warden of Otero County Processing Center in Chaparral, New Mexico, and is the custodian of Petitioner's detention. She is named in her official capacity.

13.     Respondent Mary De Anda-Ybarra is the Field Office Director responsible for the El Paso Field Office of ICE with administrative jurisdiction over petitioner. She is a legal custodian of Petitioner and is named in her official capacity.

14.     Respondent Dorothy Michaud is the Field Office Director responsible for the Boston Field Office of ICE. She will become the legal custodian of Petitioner when he is transported to the Boston office to attend his trial in the Peabody District Court. She is named in her official capacity.

15.     Respondent Todd Lyons is the Acting Director for U.S. Immigration and Customs Enforcement. He is legally responsible for pursuing efforts to remove Petitioner. He is a legal custodian of Petitioner and is named in his official capacity.

16. Respondent Kristi Noem is the Secretary of Homeland Security. She is a custodian of Petitioner and is named in her official capacity.

17. Respondent Pamela J. Bondi is the Attorney General of the United States Department of Justice. She is a legal custodian of Petitioner and is named in her official capacity,

## STATEMENT OF FACTS

18. Petitioner was originally arraigned on February 11, 2025 in the Peabody District Court on one count of Larceny Over $1200 and one count of Attempted Larceny. *See Commonwealth v. Bob Benito Malool*, 2586CR000054.

19. At arraignment, Petitioner's bail was set at $20,000, with the additional condition that he surrender his passport to the Peabody District Court. After his arraignment, Petitioner was remanded to the custody of the Essex County Sheriff's Department.

20. Petitioner subsequently posted the bail. Upon his release from custody by the Essex County Sheriff's Department on February 12, 2025, he was immediately arrested by ICE, and subsequently transported to OCPC, where he is presently detained.

21. Petitioner intends to exercise his full due process rights, including his right to a trial by jury and confrontation of the witnesses against him, in the state criminal case scheduled for jury trial on May 27, 2025. The estimated length of Petitioner's jury trial is one to two days.[2]

22. However, Petitioner cannot do so unless he is transported from OCPC to the Peabody District Court on the date of his jury trial. That transportation is impossible without a writ of habeas corpus *ad prosequendum*, directing Petitioners' custodians to facilitate his transport from OCPC to Peabody District Court on the day of trial.

---

[2] At the scheduling hearing, the Court ordered an in-person habeas issued for the date of Petitioner's jury trial, but has previously expressed verbally that it does not have the power to order a federal facility to transport Mr. Malool from federal court to state court. Accordingly, Mr. Malool is filing this writ to ensure that he may attend his trial.

23. The writ is particularly important in this case because Petitioner's ability to resolve the state court case will directly affect his federal immigration case. It is counsel's understanding that, because the allegation involves a crime of moral turpitude, it will likely affect the outcome of his upcoming final removal hearing, even if the case has not yet been tried. Put simply, the charges alone—without any due process—mean that Mr. Malool is more likely to be subject to deportation, much to the dismay of his wife and young children. Mr. Malool's only hope is to beat the charges at trial (which he is confident on doing), but he cannot do so if he does not first appear at the trial in Massachusetts.

24. Petitioner's Individual Hearing in his immigration case hearing is currently scheduled on August 5, 2025. At that hearing, the immigration court will determine whether he is to be removed from the United States.

25. Petitioner therefore seeks a writ of habeas corpus *ad prosequendum* so that he may be transported to his criminal trial in the Peabody District Court on May 27, 2025. Without this writ, Petitioner will be legally unable to exercise any of his Constitutional rights in the pending criminal matter, as he will not be able to attend his upcoming trial.

## **LEGAL FRAMEWORK**

26. Under 28 U.S.C. § 2241(c)(5), the writ of habeas corpus shall not extend to a prisoner "unless it is necessary to bring him into court to testify *or for trial*" (emphasis added).

27. 28 U.S.C. § 2241(c)(5), in conjunction with the All Writs Act, 28 U.S.C. § 1651, permits a federal court to exercise its discretion to issue a writ of habeas corpus *ad prosequendum*, directing the custodian of an incarcerated person to bring that prisoner before a court. *See United States v. Mauro*, 436 U.S. 340, 360 (1978); *Carbo v. United States*, 364 U.S. 611, 617-18 (1961); *see also United States v. Kelly*, 661 F.3d 682, 686 (1st Cir. 2011) ("Habeas

corpus *ad prosequendum,* a writ derived from English common law, has historically been "issue[d] when it [wa]s necessary to remove a prisoner, in order to prosecute ... in any court, or to be tried in the proper jurisdiction wherein the fact was committed.") (quoting 3 William Blackstone, *Commentaries* 130). "In the United States, this writ has 'a long history, dating back to the First Judiciary Act.'" *Kelly*, 661 F.3d at 686 (quoting *Mauro*, 436 U.S. at 360).

28. The writ "allows the issuing court to 'obtain temporary custody of the prisoner.'" *Kelly*, 661 F.3d at 686 (quoting *Mauro*, 436 U.S. at 362). "The nature of the writ is such that the 'sending state retains full jurisdiction over the prisoner since the prisoner is only 'on loan' to the prosecuting jurisdiction.'" *Id.* (quoting *Flick v. Bevins,* 887 F.2d 778, 781 (7th Cir. 1989)).

29. "A court, justice, or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

30. Once issued, the writ is directed to "the person having custody of the person detained," and "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." 28 U.S.C. § 2243.

31. Because Petitioner is held without bond in ICE custody in New Mexico, he is unable to appear in Peabody District Court in Peabody, Massachusetts on his own volition. A writ of habeas is thus necessary to permit him to attend his trial.

32. As the Defendant, Petitioner is a necessary party at his own criminal trial in the state court, and he cannot appear remotely.

33. If Petitioner cannot attend his trial, he will be deprived of his rights under the state and federal constitutions. The Fifth Amendment to the United States Constitution, in conjunction

with the Fourteenth Amendments, guarantee a defendant's right to due process of law in a criminal trial. *See* U.S. Const. amend. V ("No person shall . . . be deprived of life, liberty, or property, without due process of law . . . ."); U.S. Const. amend. XIV. The Sixth Amendment, in conjunction with the Fourteenth Amendment, guarantees a defendant's right to a trial by jury and the right to confront the witnesses against him. *See* U.S. Const. amends. VI; XIV. In Massachusetts, those rights are also guaranteed to a defendant by article 12 of the Massachusetts Declaration of Rights.

34. Rule 18(a) of the Massachusetts Rules of Criminal Procedure also guarantees a defendant the right to be present at all critical stages of a court proceeding, including trial. *See Commonwealth v. Ng*, 491 Mass. 247, 253 (2023) (citing *Vazquez Diaz v. Commonwealth*, 487 Mass. 336, 344 (2021)) (explaining that "the right is derived from the confrontation and due process clauses of the Sixth and Fourteenth Amendments to the United States Constitution, respectively, and art. 12 of the Massachusetts Declaration of Rights").

35. Petitioner has been charged with a crime in the Peabody District Court and wishes to assert his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and article 12 of the Massachusetts Declaration of Rights. However, he cannot do so unless he is brought to the Peabody District Court on May 27, 2025 to stand trial.

36. Thus, a writ of habeas corpus *ad prosequendum* is necessary to permit Petitioner to attend his criminal trial and exercise his state and federal Constitutional rights.

37. Judge Burroughs confronted a nearly identical situation in *Pensamiento v. McDonald Jr., et al.*, 18-CV-10475-PBD (D. Mass.).[3] There, the Petitioner was in ICE custody and sought a writ of habeas corpus *ad prosequendum* to order ICE officials to bring him to

---

[3] Judge Burroughs heard the emergency petition, while the remainder of the case was assigned to Judge Saris.

8

Chelsea District Court in order to answer criminal charges pending against him in state court. Judge Burroughs ordered ICE to keep Mr. Pensamiento in ICE custody but transport him to the state court for the hearing. *See* Ex. A [Dkt. 17 court order]; Ex. B [Dkt. 20 transcript of hearing]. Notably, Judge Burroughs ordered the Suffolk County Sheriff's Department to transport Mr. Pensamiento to and from the hearing, and to return him immediately to ICE custody at the conclusion of the hearing. The Court also ordered Mr. Pensamiento to submit to ICE custody, or to the county sheriff who would transport him to and from ICE custody, immediately at the conclusion of the state court hearing as well. Petitioner seeks identical relief in this case.

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioners pray that this Court grant the following emergency relief:

1. Assume jurisdiction over this matter;

2. Issue a writ of habeas corpus *ad prosequendum* directing the custodian of Petitioner to produce Petitioner, currently in the custody of the Otero County Processing Center in Chaparral, New Mexico, and;

3. Direct and Authorize the United States Marshal to serve the writ of habeas corpus *ad prosequendum* on Petitioner and his custodian; and

4. Direct and authorize the transportation of Petitioner to the Peabody District Court, 1 Lowell Street, Peabody, Massachusetts, 01960, on May 27, 2025, for the length of the criminal jury trial; and

5. Direct and authorize the Essex County Sheriff's Department to take custody of Petitioner throughout the duration of his jury trial and transport him to and from the Peabody District Court and federal custody; and

6.  Direct and authorize the Essex County Sheriff's Department to return Mr. Malool to ICE custody immediately at the conclusion of the jury trial; and

7.  Order Mr. Malool to immediately surrender himself to ICE custody, or to the the county sheriff who will transport him to and from his jury trial, at the conclusion of the trial in Peabody District Court.

Respectfully submitted,

/s/ Eric S. Rosen
Eric S. Rosen
Bar No. 568931
Dynamis LLP
225 Franklin St, 26th Floor
Boston, MA 02210
(617) 802-9157
erosen@dynamisllp.com

Kaitlyn Gerber
Bar No. 710505
Dynamis LLP
225 Franklin St, 26th Floor
Boston, MA 02210
(617) 221-4196
kgerber@dynamisllp.com

**<u>VERIFICATION BY PERSON ACTING ON PETITIONER'S BEHALF PURSUANT TO
<u>28 U.S.C. § 2242</u></u>**

I verify under penalty of perjury that the foregoing is true and correct. Executed on May 5, 2025

<u>/s/ Eric Rosen        </u>                                        Date: May 5, 2025

11

## **CERTIFICATE OF SERVICE**

    I hereby certify that on May 5, 2025, a true copy of the above document was filed via the Court's CM/ECF system and that a copy will be automatically sent to Mr. Abraham George at the US Attorney's Office.

/s/ Eric S Rosen                                  Date: May 5, 2025