UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEN BENYAMIN MALOOL,<br><br>    Petitioner,<br><br>v.<br><br>DORA CASTRO, *Warden, Otero County Processing Center, et al.*,<br><br>    Respondents. | Civil Action No. 1: 25-cv-11222-IT |

**RESPONDENTS' OPPOSITION TO PETITIONER'S
PETITION FOR WRIT OF HABEAS CORPUS AD PROSEQUENDUM**

Respondents by and through their attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully submit this Opposition to Petitioner Ben Benyamin Malool's ("Petitioner") Petition for Writ of Habeas Corpus *Ad Prosequendum* (the "Petition"). Doc. No. 1. Petitioner asks this Court to order U.S. Immigration and Customs Enforcement ("ICE") transfer him from his current detention facility in New Mexico to Massachusetts on or before May 27, 2025 so that he may appear in Peabody (Massachusetts) District Court to stand trial on theft and attempted theft charges. *Id.*, ¶ 1.

On May 8, 2025, the Peabody District Court issued a writ of habeas corpus requiring that the Essex County Sherriff's Department arrange for Petitioner's presence at the May 27, 2025 jury trial. ICE does not oppose transferring Petitioner to the custody of the Essex County Sheriff in accordance with the Peabody District Court's writ as long as the Sherriff transports Petitioner to the criminal proceeding in accordance with the State Court issued writ and ICE policy. This Court should decline, however, to order ICE to transfer Petitioner to Massachusetts to appear in Peabody District Court as the Peabody District Court has already issued a writ that will provide

the relief Petitioner seeks from this Court and because this Court lacks jurisdiction to direct ICE as to the placement of its detainees, including Petitioner.

## FACTUAL BACKGROUND

Petitioner is native and citizen of Israel. Doc. No. 1, ¶ 2. ICE arrested Petitioner on February 12, 2025. *See* Declaration of Assistant Field Office Director, ICE Enforcement and Removal Operations ("ERO") Boston, Keith M. Chan, ¶ 5, attached as Exhibit A. ICE ERO Boston arrested Petitioner pursuant to its statutory authority contained at 8 U.S.C. § 1226(c) and issued him with a Notice to Appear in Immigration Court. *Id.*, ¶¶ 5, 7. Per Section 1226(c), ICE is statutorily mandated to "take into custody" individuals, such as Petitioner, who have been arrested and charged with theft related offenses. 8 U.S.C. § 1226(c)(1)(E). By statute, ICE cannot release an individual subject to Section 1226(c) except for witness protection purposes. *Id.* § 1226(c)(4).

ICE ERO Boston detained Petitioner at the Plymouth County House of Corrections from February 12, 2025 until March 2, 2025 when ICE transferred Petitioner and numerous other ICE detainees to the Batavia Processing Center in Buffalo, New York due to "operational necessity, specifically, bed space decompression." *Id.*, ¶ 9. On March 21, 2025, ICE ERO Buffalo initiated a transfer of Petitioner to the Otero Processing Center in Chaparral, New Mexico where he currently remains in custody. *Id.*, ¶¶ 10-11. Petitioner is currently in removal proceedings, i.e. seeking relief from removal, before the Otero Immigration Court. *Id.*, ¶ 12. He is scheduled for a hearing on his applications for relief from removal on August 5, 2025. *Id.*

Petitioner is scheduled for a jury trial on May 27, 2025 in the Peabody District Court. *See* Massachusetts State Court Docket, Exhibit B. The Peabody District Court issued writs of habeas corpus for Petitioner for remote appearances on April 25, 2025, April 28, 2025, for May

2

20, 2025, and for an in-person appearance on May 27, 2025.  *Id.*  Per the State Court Docket, the Sherriff of Essex County has been charged in each writ of habeas corpus "to arrange for the detainee's presence as a defendant at the scheduled court hearing."  *Id.*

ICE ERO El Paso is willing to transfer custody of Petitioner to the Essex County Sherriff's Department in accordance with Peabody District Court's writ of habeas corpus so long as the Sherriff is responsible for transporting Petitioner and he is returned to ICE custody upon the completion of state court proceedings or upon his release from custody should he be sentenced to confinement.  *See* Declaration of Acting Assistant Field Office Director Ovni Corona, ICE ERO El Paso, ¶ 5, attached as Exhibit C.

## PROCEDURAL BACKGROUND

Petitioner filed his Petition on May 5, 2025 seeking a writ of habeas corpus *ad prosequendum*, pursuant to 28 U.S.C. § 2241(c)(5), directing the custodian of the Otero Processing Center to transfer him to Massachusetts so that he may be transported to the Peabody District Court to stand trial on May 27, 2025.  Doc. No. 1, ¶ 7.  Petitioner claims this Court has jurisdiction and that venue is proper in Massachusetts, despite Petitioner's detention in New Mexico, because of the pending criminal charges in Massachusetts.  *Id.*, ¶¶ 9-10.  Petitioner argues that transportation to the May 27, 2025 jury trial is "impossible without a writ of habeas corpus *ad prosequendum*, directing Petitioners' [sic] custodians to facilitate his transport from OCPC to Peabody District Court on the day of trial."  *Id.*, ¶ 22.

## ARGUMENT

Petitioner's request for this Court to issue a writ of habeas corpus *ad prosequendum* ordering that ICE transfer Petitioner to Massachusetts should be denied because the Peabody District Court has already issued a writ of habeas corpus directing the Sherriff of Essex County

3

to arrange for Petitioner's appearance in the Peabody District Court on May 27, 2025. Additionally, this Court lacks jurisdiction to mandate ICE transfer a detainee to a different facility as ICE's placement of detainees is discretionary and not subject to judicial review.

### A. The Peabody District Court is the Proper Judicial Body to Issue the Petitioner's Requested Writ, not this Court.

ICE ERO El Paso intends to honor the Peabody District Court's writ of habeas corpus and will work with the Essex County Sherriff to turn custody over to the State to allow Petitioner's transportation to Massachusetts to occur.  Exh. C.  As such, while Petitioner claims that it is "impossible" for him to appear in the Peabody District Court absent this Court ordering ICE to transfer Petitioner to Massachusetts, Petitioner fails to explain why the Peabody District Court's already issued writ of habeas corpus cannot achieve the relief he requests—the opportunity to appear in Peabody District Court on May 27, 2025.  Petitioner fails to plead any information as to whether the Sherriff of Essex County intends to facilitate the state writ issued by the Peabody District Court charging the Sheriff with arranging for Petitioner's presence on May 27, 2025.  If the Sherriff intends to honor the state writ, then this federal action is wholly unnecessary.  If the Sheriff does not intend to honor the state writ, then Plaintiff's inability to access court is on account of a non-party to this federal action and is beyond Respondents' control and legal obligation.  Massachusetts is responsible for ensuring the integrity of its own criminal prosecutions.  This includes using its resources to transport criminal defendants across state lines.  ICE is tasked with overseeing the federal immigration system and has no control over Petitioner's state criminal prosecutions or the rights afforded to him in those proceedings.

ICE's intended determination to allow the Essex County Sherriff to take custody of Petitioner and transport him for state prosecution is typical practice for a federal law enforcement agency with custody over an individual who seeks to appear in state court.  For example, the

U.S. Bureau of Prisons maintains a policy to permit federal prisoners to testify in state court criminal proceedings pursuant to writs of habeas corpus issued out of state courts and requires state law enforcement to transport the prisoner to and from such proceedings.  *See* BOP, *Transfer of Inmates to State Agents For Production on State Writs*, https://www.bop.gov/policy/progstat/5875_013.pdf (last accessed May 12, 2025).  Indeed, BOP has established regulations that apply to inmates serving sentences in federal institutions that must be followed prior to an inmate's transfer to state authorities to appear in state court.  *See* 28 C.F.R. § 527.31.  Such regulations permit transfer to state authorities only when the Warden of the federal facility is "satisfied that the inmate's appearance is necessary, that state and local arrangements are satisfactory, that the safety or other interests of the inmate … are not seriously jeopardized, and that federal interests, which include those of the public, will not be interfered with, or harmed."  *Id.* § 527.31(b).  The prosecutor or other authority acting on behalf of the state court must advise BOP of the name of the "state agency or other organization with responsibility for transporting the inmate … and anticipated date of return."  *Id.*  § 527.31(c).  These BOP regulations clearly denote that it is the state seeking to prosecute the individual who is responsible for transport of such individual to and from the federal facility.

While ICE does not have similar regulations, the agency has developed a "Tool Kit for Prosecutors" that is "aimed at helping prosecutors navigate situations where important witnesses, victims, or defendants may face removal because they are illegally present in the United States." https://www.ice.gov/doclib/about/offices/osltc/pdf/tool-kit-for-prosecutors.pdf (last accessed May 12, 2025).  The Tool Kit advises that a prosecutor or criminal defense attorney, should, in order to secure a detainee/defendant for an appearance in a criminal proceeding, "obtain a writ from an appropriate *state* or *local* judge ordering the alien's appearance in court on a specific

date." *Id.* at 8-9 (emphasis added). The Tool Kit explains that "[w]hile federal agencies are not bound by state court orders, ICE will generally honor the writ of a state or local judge directing the appearance of a detainee in court." *Id.* at 9. The Tool Kit advises that once the writ is obtained and ICE has approved it, the prosecutor should contact ICE to request that the detainee/defendant be transferred to state or local custody. *Id.* ICE makes clear, however, that the requesting law enforcement agency "must arrange for the alien's transportation." *Id.*

ICE ERO El Paso intends to facilitate his appearance before the Peabody District Court by honoring the Peabody District Court's writ of habeas corpus that orders the Essex County Sherriff's Department to arrange for his presence at the jury trial. Exh. C. This Court, however, plays no role in the process that must be accomplished to bring Petitioner to Massachusetts to appear before the Peabody District Court. As explained by another district court, "[c]ommon sense would dictate that the preferred procedure would be for defense counsel to petition, not the federal District Court, but the State Court where the trial is to be held, for the issuance of the writ." *Curran v. United States*, 332 F. Supp. 259, 261–62 (D. Del. 1971). In *Curran*, a defendant in a Delaware State Court prosecution filed a writ of habeas corpus *ad testificandum* to order a federal inmate be transported from Pennsylvania to Delaware to testify on the defendant's behalf. *Id.* at 260. The District Court Judge recognized that the Delaware State Court had the power to issue the requested writ and therefore it was "not desirable" for the petitioner to seek the issuance of the writ from the U.S. District Court rather than the Delaware State Court. *Id.* Such is the case here as well. The Peabody District Court has the authority to issue a writ requiring the Petitioner's presence in State Court, it has issued such writ already, and ICE intends to honor such writ. As such, no cause or controversy exists before this Court and the Court should therefore decline to interfere with the Peabody District Court's writ of habeas

corpus that has been issued directing the Essex County Sherriff to arrange for Petitioner's presence at his state criminal proceedings.

### B. This Court Lacks Jurisdiction to Order ICE to Transfer Petitioner to a Detention Facility in Massachusetts.

Through the filing of his instant Petition before this Court, Petitioner seeks to challenge ICE's decision, authorized by statute, to detain him in New Mexico and to have this Court order ICE transport Petitioner to a detention facility in Massachusetts. Petitioner, however, has cited no statute or case law that allows for this Court to order ICE to transfer an individual, lawfully in its custody, to a different detention facility in a different state.

While 28 U.S.C. § 2241(c)(5) authorizes district courts to issue a writ of habeas corpus when necessary to bring a prisoner into court to testify or for trial, Petitioner cites no case law where this statute has been used by a district court to order transfer of an individual to appear in state court, rather than federal court. In *Carbo v. United States*, 364 U.S. 611, 612 (1961), cited by Petitioner, the Supreme Court held that a U.S. District Court in California had jurisdiction to issue a "writ of habeas corpus ad prosequendum directing a New York City prison official to deliver petitioner, a prisoner of that City, to California for trial on an indictment pending" in the federal court. While a district court can issue a writ of habeas corpus *ad prosequendum* to state officials to mandate a detainee appear in federal district court, there is no support for the proposition that a district court can order federal officials to transfer a detainee to appear in state court.

Petitioner's citation to the *Pensamiento v. McDonald Jr.* case from this District does not support a contrary determination. Indeed, Petitioner recognizes that Judge Burroughs "ordered the Suffolk County Sherriff's Department to transport Mr. Pensamiento to and from the hearing, and to return him immediately to ICE custody at the conclusion of the hearing." Doc. No. 1, ¶

7

37. Here, again, the Peabody District Court has already ordered that the Essex County Sherriff's Department play the same role – transporting Petitioner to his May 27, 2025 criminal trial and returning him to ICE custody thereafter. Once more, there is no role for this Court to play despite Petitioner's request to the contrary.

Indeed, this Court lacks jurisdiction to order ICE to transfer Petitioner to a facility in Massachusetts. First, per 8 U.S.C. § 1226(e), Congress has explicitly barred judicial review of ICE's "discretionary judgment regarding the application of" Section 1226, which includes ICE's decision to arrest and detain an individual subject to removal proceedings. Such discretionary judgment includes the detention location of an individual in ICE custody such as Petitioner. Section 1226(c) further directs that "[n]o court may set aside any action or decision by [ICE] under this section regarding the detention or release of any alien …". *Id.* Again, ICE's action and decision to detain Petitioner in New Mexico is what Petitioner challenges through his Petition with this Court. This Court, however, cannot "set aside" such detention decision by ICE through an order directing ICE to transfer him to a detention location in Massachusetts.

Congress also provided ICE with discretion as to the detention location of individuals within its custody. Per 8 U.S.C. § 1231(g)(1), ICE "shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." As one district court noted, "Congress has provided the Government with considerable discretion in determining where to detain aliens pending removal or the outcome of removal proceedings." *Edison C. F. v. Decker*, No. CV 20-15455 (SRC), 2021 WL 1997386, at *6 (D.N.J. May 19, 2021).

Here, ICE arranged for Petitioner's detention in New Mexico, and this Court lacks jurisdiction to second-guess ICE's detention decision or to order ICE to detain Petitioner at a different facility. *See also Guangzu Zheng v. Decker,* No. 14CV4663 MHD, 2014 WL 7190993,

at *15–16 (S.D.N.Y. Dec. 12, 2014), *aff'd,* 618 F. App'x 26 (2d Cir. 2015) (Court lacked jurisdiction over the location of an ICE detainee as that is a discretionary decision that is barred from judicial review); *P.M. v. Joyce*, No. 22-CV-6321 (VEC), 2023 WL 2401458, at *5 (S.D.N.Y. Mar. 8, 2023) ("The Court does not have jurisdiction to review [ICE's] discretionary authority to transfer detainees."); *Mathurin v. Barr*, No. 6:19-CV-06885-FPG, 2020 WL 9257062, at *11 (W.D.N.Y. Apr. 15, 2020) ("Courts accordingly have held that they lack jurisdiction to restrict [ICE's] decisions about whether and where to transfer aliens between facilities.").

An order directing ICE to transfer Petitioner to Massachusetts would contravene Congress' explicit provisions contained in Section 1226(e) that bar a court from setting aside an ICE decision to arrest and detain an individual under Section 1226 and from the provision contained at Section 1231(g) that directs ICE to arrange for detention location of individuals in its custody.  Such order would also interfere with Petitioner's removal proceedings which are currently venued at the Otero Immigration Court.   For these reasons, this Court should decline to order ICE to transfer Petitioner to Massachusetts and should instead allow the process that has been initiated by the Peabody District Court to occur.

## **CONCLUSION**

Because Petitioner seeks this Court to duplicate and interfere with the Peabody District Court's writ of habeas corpus that has already been issued that directs the Essex County Sherriff's Department to arrange for Petitioner's transportation to Massachusetts and because this Court lacks jurisdiction to direct ICE to transfer a detainee to a facility in Massachusetts, Respondents respectfully requests this Court deny Petitioner's request for a writ of habeas corpus *ad prosequendum*.

9

                                                                   Respectfully submitted,

                                                                   LEAH B. FOLEY
                                                                   United States Attorney

Dated: May 12, 2025                 By:     */s/ Mark Sauter*
                                                                   Mark Sauter
                                                                   Assistant United States Attorney
                                                                   United States Attorney's Office
                                                                   1 Courthouse Way, Suite 9200
                                                                   Boston, MA 02210
                                                                   Tel.: 617-748-3347
                                                                   Email: mark.sauter@usdoj.gov

## LOCAL RULE 7.1 CERTIFICATION

     I, Mark Sauter, hereby certify that pursuant to L.R. 7.1(a)(2), I have conferred with Counsel for the Petitioner, in an attempt to resolve or narrow the issues.

Dated: May 12, 2025                           */s/ Mark Sauter*
                                                        Mark Sauter
                                                        Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: May 12, 2025                 By:     */s/ Mark Sauter*
                                                                  Mark Sauter
                                                                  Assistant U.S. Attorney