UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEN BENYAMIN MALOOL, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | *   Civil Action No. 1:25-cv-11222-IT |
| | * |
| DORA CASTRO, Warden, Otero County Processing Center, et al., | * |
| | * |
| Respondents. | * |

MEMORANDUM & ORDER

May 16, 2025

TALWANI, D.J.

Petitioner Ben Benyamin Malool filed the pending Emergency Petition for Writ of Habeas Corpus Ad Prosequendum [Doc. No. 1], seeking a court order directing the custodian of the Otero County Processing Center in Chaparral, New Mexico—where Malool is currently in the custody of Immigration and Customs Enforcement ("ICE")—to bring him to Massachusetts so that he may appear in state court to stand trial on larceny and attempted larceny charges on May 27, 2025. For the reasons explained below, the Petition is DENIED without prejudice.

I.     Relevant Background

The undisputed facts in the record are as follows. Malool, an Israeli citizen residing in the United States, was arraigned in the Peabody District Court of the Commonwealth of Massachusetts on February 11, 2025, on one count of Larceny Over $1,200 and one count of Attempted Larceny. Petition ¶¶ 2–3 [Doc. No. 1]; State Court Docket at 2 [Doc. No. 18-2]; Decl. of Keith Chan ("Chan Decl.") ¶ 6 [Doc. No. 18-1]. He surrendered his passport and posted $20,000 bail and was released from pretrial custody on February 12, 2025. Petition ¶¶ 3, 19–20 [Doc. No. 1]; State Court Docket at 3 [Doc. No. 18-2].

The same day, ICE issued Malool a Notice to Appear charging him as removable and detained him in Plymouth, Massachusetts. Petition ¶ 3 [Doc. No. 1]; Chan Decl. ¶¶ 5, 7–8 [Doc. No. 18-1]. ICE subsequently transferred Malool to Buffalo, New York; then to Los Fresnos, Texas; and finally, on March 22, 2025, to Chaparral, New Mexico, where he remains in custody. Chan Decl. ¶¶ 9–11 [Doc. No. 18-1]. His removal proceedings, including his applications for relief from removal, are pending in the Otero Immigration Court with a hearing date set for August 5, 2025. Id. ¶ 12.

Malool moved to dismiss the charges against him in the Peabody District Court, arguing that "the current procedural posture violates Petitioner's constitutional rights under the state and federal constitution." Decl. of Kaitlyn Gerber ("Gerber Decl.") ¶ 8 [Doc. No. 19-1]. The motion was denied. Id. According to Malool's counsel, the Peabody District Court stated "its belief that the District Attorney's Office was not obligated to travel to New Mexico to retrieve Petitioner for trial." Id.[1]

Malool first filed his Emergency Petition for Writ of Habeas Corpus with the District Court for the District of New Mexico. See Malool v. Castro et al., Case No. 2:25-cv-00403-WJ-JFR (D.N.M. Apr. 28, 2025). On May 5, 2025, after that court "raised sua sponte its own jurisdictional issues," Malool dismissed that petition without prejudice and refiled it here. Petition ¶ 1 n.1 [Doc. No. 1].

On May 5, 2025, the Peabody District Court set the criminal matter for a jury trial on May 27, 2025. State Court Docket at 4 [Doc. No. 18–2]. On May 8, 2025, the Peabody District

---

[1] According to the State Court Docket, on March 10, 2025, a pretrial hearing was held and a motion to dismiss was denied. State Court Docket at 3 [Doc. No. 18-2]. The docket does not state the basis for the denial.

2

Court issued a writ of habeas corpus to Deportation Officer Sergio Maldonado and directing "[t]he Sheriff of Essex County to arrange for the detainee's presence as a defendant at" his jury trial on May 27, 2025. Id. at 5.

Respondents assert that ICE "is willing to transfer custody of [Malool] to Massachusetts law enforcement officers" provided that:

> a. Massachusetts law enforcement officers transport the petitioner from the Otero Processing Center to Massachusetts and back to the Otero Processing Center from Massachusetts[;]
>
> b. The presiding judge over the Petitioner's criminal proceedings orders Massachusetts law enforcement to hold the Petitioner in custody throughout his criminal proceedings; and
>
> c. The presiding judge over the Petitioner's criminal proceedings orders Massachusetts law enforcement to transfer the Petitioner back to ICE custody at the completion of his trial or upon his release from custody, should he be sentenced to confinement because of the proceedings.

Decl. of Ovni Corona ¶ 5 [Doc. No. 18-3].

Malool's counsel asserts that she has spoken to a representative of the Essex County Sheriff's Department, who states that the Sheriff's Department "would be willing to transport Petitioner to and from the Peabody District Court if Petitioner was located within Massachusetts, and ICE was willing to honor the writ." Gerber Decl. ¶ 5 [Doc. No. 19-1]. Counsel states further that the representative "could not confirm that the Essex County Sheriff's Department would be willing or able to transport Petitioner from New Mexico[.]" Id. Counsel also states that she has not yet been able to reach representatives from the Essex County District Attorney's Office following issuance of the state court writ, but that representatives previously "indicated that it was unlikely that the Essex County Sheriff's Office would be able to retrieve Mr. Malool from New Mexico." Id. ¶¶ 6–7.

## II.   Discussion

The parties dispute whether this court has jurisdiction to issue a writ of habeas corpus to direct the warden of a federal facility in New Mexico to bring Malool to stand trial in a state court proceeding in Massachusetts.

A writ of habeas corpus may be issued by a district court and extended to a prisoner if "[i]t is necessary to bring him into court to testify [ad testificandum] or for trial [ad prosequendum]." 28 U.S.C. § 2241(c)(5). "The writ is 'issued directly by a court of the jurisdiction where an indictment, information, or complaint has been lodged against the prisoner.' . . . It operates as 'a court order requesting the prisoner's appearance to answer charges in the summoning jurisdiction.'" United States v. Kelly, 661 F.3d 682, 686 (1st Cir. 2011) (quoting Stewart v. Bailey, 7 F.3d 384, 389 (4th Cir. 1993)). The writ allows the issuing court to "obtain temporary custody of the prisoner." United States v. Mauro, 436 U.S. 340, 362 (1978); see also id. at 357–58 ("Since [1807], the statutory authority of federal courts to issue writs of habeas corpus ad prosequendum to secure the presence, for purposes of trial, of defendants in federal criminal cases, including defendants then in state custody, has never been doubted."). It also "allows the transfer of federal prisoners to face state charges[.]" United States v. Hooker, 607 F.2d 286, 288–89 (9th Cir. 1979); see also Flick v. Blevins, 887 F.2d 778, 781 & n.5 (7th Cir. 1989) (writ of habeas corpus ad prosequendum allows "any jurisdiction, whether federal or state[,]" to "take temporary custody of a prisoner confined within another jurisdiction"). This authority has extraterritorial application. Carbo v. United States, 364 U.S. 611, 612, 620 (1961) (federal court in California had authority to issue writ of habeas corpus ad prosequendum to New York City prison official to turn over prisoner to stand trial in federal court in California); Kelly,

4

661 F.3d at 686 n.4 ("court issuing a writ <u>ad prosequendum</u> 'suffers no geographical limitations' . . . and thus may issue such writs to other districts") (quoting <u>Carbo</u>, 364 U.S. at 620).[2]

Malool argues that the plain language of 28 U.S.C. § 2241(c)(5) "does not distinguish between trials in federal or state courts" and "thus authorizes District Courts to issue writs for the transfer of a prisoner from detention [] 'to testify or for trial' in <u>any</u> court." Pet.'s Reply at 5 (emphasis in original) [Doc. No. 19]. Respondents oppose this argument, contending that the court may not issue the writ to secure Malool's appearance in state court.

In <u>Barber v. Page</u>, 390 U.S. 719 (1968), the Supreme Court held that "in the case of a prospective witness currently in federal custody, 28 U.S.C. [§] 2241(c)(5) gives federal courts the power to issue writs of habeas corpus ad testificandum at the request of state prosecutorial authorities." <u>Id.</u> at 724. Where 28 U.S.C. § 2241(c)(5) does not distinguish between writs of habeas corpus <u>ad testificandum</u> and writs of habeas corpus <u>ad prosequendum</u>, the court finds no reason not to apply this precedent with regard to a state prosecutor's request for a writ of habeas corpus <u>ad prosequendum</u>.[3]

---

[2] There may be a question of compliance with such a writ, but this court need not address that to resolve the question of its own jurisdiction here. <u>See, e.g.</u>, <u>Carbo</u>, 364 U.S. at 621 n.20 ("In view of the cooperation extended by the New York authorities in honoring the writ, it is unnecessary to decide what would be the effect of a similar writ absent such cooperation."); <u>Ponzi v. Fessenden</u>, 258 U.S. 254, 261–62 (1922) (discussing "the power and discretion to practice the comity in" matters of "the transfer of a federal prisoner to a state court" for purposes of testifying); <u>United States v. Acevedo-Ramos</u>, 842 F.2d 5, 7 (1st Cir. 1988) ("Writs of habeas corpus ad prosequendum and ad testificandum were issued to the Sheriff of Worcester County, ordering that Colon be released to the United States Marshall's Service for transportation to Puerto Rico. As Colon was under indictment, with trial imminent in the Commonwealth, Massachusetts was understandably reluctant to, and declined to, release Colon from its jurisdiction.").

[3] If anything, the writ of habeas corpus <u>ad prosequendum</u> is more expansive than the writ of habeas corpus <u>ad testificandum</u>. See <u>Penn. Bureau of Correction v. U.S. Marshals Serv.</u>, 474 U.S. 34, 39 n.5 (1985).

At this juncture, the court has no such request from the state prosecutor. But if the Commonwealth of Massachusetts seeks to prosecute Malool, this is a route it can take. See Curran v. United States, 332 F. Supp. 259, 261–62 & n.1 (D. Del. 1971) (noting that "such an application [for writ of habeas corpus ad testificandum] may be made directly to the federal court" but "it is not desirable" to be made on behalf of the defendant as opposed to "on behalf of the Delaware Attorney General's office").

### III.   Conclusion

For the foregoing reasons, Malool's Emergency Petition for Writ of Habeas Corpus Ad Prosequendum [Doc. No. 1] is DENIED without prejudice to consideration of a petition under 28 U.S.C. § 2241(c)(5) filed by the Essex County District Attorney's Office.

IT IS SO ORDERED.

May 16, 2025                                              /s/ Indira Talwani
                                                          United States District Judge